IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIZVAN MIRZA<br>275 E. Green St., Apt. 1538<br>Pasadena California, 91101<br><br>          Plaintiff,<br><br>v.<br><br>DATATRAK<br>INTERNATIONAL, INC.<br>5900 Landerbrook Dr.<br>Mayfield Heights, Ohio 44124<br><br>   And<br><br>FOUNTAYN LLC<br>c/o Registered Agent Solutions<br>4568 Mayfield Road, Suite 204<br>Cleveland, Ohio 44121<br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br><br><br>JURY DEMAND ENDORSED<br>HEREON |

      For his Complaint against Defendants Datatrak International, Inc. ("Datatrak") and Fountayn LLC ("Fountayn"), Plaintiff Rizvan Mirza states as follows:

      1.     This matter involves Datatrak wrongfully transferring 24,915 shares of Mirza's Datatrak stock out of Mirza's personal account and into the Datatrak treasury account. Despite Mirza demanding that Datatrak return his shares to his account, Datatrak has failed to do so and has never provided Mirza with any explanation or justification for their unauthorized removal. Further, not only were the misappropriated shares Mirza's personal property, but they were also Mirza's compensation for his years of service as a Datatrak board member.  Accordingly, not only has Datatrak converted Mirza's property, but as a result, Mirza's service as a Datatrak board

member has gone uncompensated.  Fountayn LLC is named as a defendant insofar as Datatrak has advertised that "It is now Fountayn," and Fountayn LLC is a separate entity formed by Datatrak's CEO and Chairman, Alex Tabatabai.

### THE PARTIES

2. Mirza is an individual residing in Pasadena California.

3. Datatrak is an Ohio corporation with its principal place of business in Mayfield Heights, Ohio.

4. Mirza served on Datatrak's board of directors from early 2017 until late 2020.

5. Fountayn is an Ohio limited liability company, formed on May 19, 2021.  It has no advertised principal place of business, but maintains as an agent for service Registered Agent Solutions, 4568 Mayfield Road, Suite 204, Cleveland, Ohio 44121.

6. Datatrak's web site – www.datatrak.com – now maintains a landing page pop-up that states "As Of January 8th, 2023 Datatrak Is Now FOUNTAYN Please join us at fountayn.com."  A link is provided to fountayn.com.  However, Datatrak's filings with the Ohio Secretary of State do not show any name change for the entity, and Datatrak's public OTC market filings make no reference to a name change or Fountayn.  Fountayn filings with the Ohio Secretary of State show it was formed on May 19, 2021, and amended its articles of organization on June 8, 2022.  The amendment identified Alireza [AKA "Alex"] Tabatabai as authorized representative for Fountayn.  Given Tabatabai's status as CEO of Datatrak, Fountayn may or may not be a successor in interest to Datatrak.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

8. Venue is appropriate in the Northern District of Ohio because Datatrak maintains its principal place of business in that judicial district, specifically, Cuyahoga County, and a substantial part of the events or omissions giving rise to the claim occurred in that judicial district. Specifically, Datatrak took action in furtherance of converting Mirza's shares in the Northern District of Ohio. Similarly, Fountayn's agent for service is located in Cuyahoga County.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Mirza became a member of Datatrak's board of directors in 2017.

10. As with other Datatrak board members, Mirza was to be compensated for his service.

11. Datatrak gave Mirza the option of receiving annual compensation for his service by way of either a $32,000.00 cash payment or the equivalent value of shares of Datatrak stock.

12. Mirza elected to receive $32,000.00 worth of Datatrak stock per year for his board member compensation.

13. Mirza served as a Datatrak board member for approximately four years.

14. During that time, Datatrak compensated Mirza with $32,000.00 worth of Datatrak stock shares for each year's service. The issuance of shares to Mirza are reflected in Datatrak's annual reports, a true and accurate example of which is attached as Exhibit 1. The total number of Datatrak shares given to Mirza was 24,915.

{01828018-1} 3

15. Mirza ceased serving as a Datatrak board member in late 2020.

16. Mirza's Datatrak shares were held in an account in his name with Computershare Trust Company, N.A. ("Computershare"). The shares were, however, restricted and Mirza could not trade said shares. Computershare sent Mirza quarterly statements showing how much stock he possessed at the beginning and end of each quarter.

17. In or around late June 2022, Mirza received from Computershare an alarming statement regarding his shares of Datatrak stock as of June 21, 2022. That statement reflected that the "Opening Position" of Mirza's holdings was 24,915 in restricted Datatrak common stock, but that such shares had been subject to a "vesting transfer," leaving Mirza with zero shares of Datatrak stock. A true and accurate copy of the June 21, 2022 Statement is attached as Exhibit 2.

18. Concerned about what had happened to his shares, Mirza contacted Computershare. Computershare was unable to provide an explanation as to what occurred, but noted that Datatrak transferred Mirza's shares into a Datatrak treasury account.

19. Mirza did not authorize or consent to this transfer, nor did Datatrak compensate Mirza for the shares that it transferred into its treasury account.

20. Mirza contacted Datatrak seeking an explanation regarding the fate of his Datatrak shares and demanding the return of same, yet he received no response from Datatrak.

21. Similarly, on July 21, 2022, counsel for Mirza wrote Datatrak's counsel inquiring about the return of Mirza's Datatrak shares. A true and accurate copy of the July 21, 2022 correspondence is attached as Exhibit 3. Neither Datatrak nor its counsel responded to the inquiries regarding Mirza's shares.

22. To date, Datatrak has not returned Mirza's shares to him and Datatrak has never provided any explanation regarding the transfer of these shares into a Datatrak treasury account.

23. In addition to the current action, Mirza is also a plaintiff in the lawsuit captioned *Mirza et al. v. Tabatabai Investment Partners LP, et al.*, Northern District of Ohio, Case No. 22-CV-00531, which was filed on April 4, 2021 (the "Tabatabai Action").

24. In the Tabatabai Action, Mirza alleged, among other things, that the defendants, including Alex Tabatabai, breached their fiduciary duty to Mirza.

25. Specifically, Mirza and the other Tabatabai Action plaintiffs invested over $260,000.00 into Tabatabai's hedge fund, Tabatabai Investment Partners LP ("TIP"). Although TIP advertised that it would maintain a portfolio of 5-25 individual securities, TIP instead concentrated the fund holdings almost exclusively in a single security: Datatrak common stock.

26. Further, the defendants in the Tabatabai Action failed to honor the plaintiffs' withdrawal requests made pursuant to the parties' agreements, failed to pay amounts due and owing, and failed to provide accurate accounting and financial information.

27. Tabatabai is the chairman and CEO of Datatrak.

28. Upon information and belief, at Tabatabai's direction, Datatrak improperly took Mirza's Datatrak shares in retaliation for his lawsuit against its chairman and CEO Tabatabai.

29. Because Datatrak transferred Mirza's shares from his account, Mirza has not been compensated for the years that he served on the Datatrak board of directors.

**COUNT 1 – CONVERSION - DATATRAK**

30. Mirza restates the allegations contained in the foregoing paragraphs as if fully set forth here.

31. Mirza is the owner of 24,915 shares of Datatrak stock.

32. Datatrak transferred and/or caused to be transferred Mirza's shares of Datatrak stock into the Datatrak treasury account.

33. Mirza did not authorize this transfer and Datatrak did not have any contractual or other legal right to conduct this transfer.

34. Datatrak is wrongfully exercising dominion and control over Mirza's shares to the exclusion of Mirza.

35. Mirza has demanded the return of his shares, but Datatrak has not complied with the demand.

36. Mirza has been damaged by Datatrak's wrongful transfer of his shares in the amount that those shares were worth at the time Datatrak converted them.

37. Further, Mirza's conversion of Mirza's property was willful and committed with actual malice and a conscious disregard of Mirza's property rights. Accordingly, Mirza is also entitled to punitive damages.

## COUNT TWO – REPLEVIN - DATATRAK

38. Mirza restates the allegations contained in the foregoing paragraphs as if fully set forth here.

39. As an alternative to his conversion claim, pursuant to Ohio Revised Code Section 2737.02, Mirza seeks to recover the 24,915 shares of Datatrak stock that he owns and which Datatrak improperly transferred into its treasury account.

## COUNT THREE – UNJUST ENRICHMENT - DATATRAK

40. Mirza restates the allegations contained in the foregoing paragraphs as if fully set forth here.

41. Mirza conferred a benefit on Datatrak in that he served as a member of Datatrak's board of directors from early 2017 through late 2020.

42. Datatrak knew that Mirza was on its board of directors and that Mirza expected to be compensated for his service.

43. Indeed, prior to Datatrak taking Mirza's shares, it had actually compensated him for his time as a board member.

44. However, Datatrak, out of retaliation for the Tabatabai Action or for some other improper reason, took Mirza's shares that were to serve.

45. Thus, Datatrak has retained the benefit of Mirza's services but has not compensated him for such services.

46. Such action is unjust and Mirza has been damaged in the amount of $128,000 plus interest, as a result.

## COUNT FOUR – SUCCESSOR LIABILITY – FOUNTAYN

47. Mirza restates the allegations contained in the foregoing paragraphs as if fully set forth here.

48. Fountayn LLC made two filings with the Ohio Secretary of State. The first was made on May 19, 2021, and is noted as "Ohio LLC – Articles of Organization" by the State. The second, filed June 8, 2022, is noted as "Ohio LLC – Amendment" by the State. Accordingly, Fountayn LLC is a separate and distinct entity.

49. As of the date the instant Complaint is being filed, Datatrak's web site's landing page is immediately interrupted by a pop-up that "As Of January 8, 2023 Datatrak is Now Fountayn." The pop-up invites visitors to follow a link to Fountayn's web site.

50. Nothing in Datatrak's filings with the Ohio Secretary of State or OTC Markets (the data aggregator for companies like Datatrak that do not trade on a centralized exchange like the New York Stock Exchange and instead trade via a broker-dealer network) reveal any link to or affiliation with Fountayn.

51. Upon information and belief Mirza alleges that Fountayn is either a new trade name for Datatrak, or instead Datatrak has transferred its operations, business, and assets to Fountayn without filing any paperwork with any regulators to reflect the change.

52. Upon information and belief, Plaintiff Mirza alleges that Fountayn is the successor in interest to Datatrak and is therefore liable for Datatrak's obligations to Plaintiff Mirza.

53. Upon information and belief, Fountayn is merely a continuation of Datatrak and/or Fountayn was created in order for Datatrak to escape liability to Mirza and other creditors.

54. Upon information and belief, Plaintiff Mirza alleges that, as successor in interest, Fountayn is liable to him for replevin and/or unjust enrichment, and is therefore obligated to either return the 24,914 shares of Datatrak stock (or an equivalent number of Fountayn shares should those be substituted for Datatrak on the OTC markets), or the $128,000 plus interest due Plaintiff Mirza.

**WHEREFORE**, Rizvan Mirza demands judgment as follows:

A. Against Datatrak on Counts One and Three, damages;

B. Against Datatrak on Count Two, return of Mirza's 24,915 shares of Datatrak stock.

C. Against Fountayn on Count Four, for either damages or the return of Mirza's 24,915 shares of Datatrak stock.

D.  An award against Datatrak of punitive and/or exemplary damages in a sum sufficient to punish and make an example of it, and to deter it and others from similar wrongdoing;

E.  An award to Mirza of pre- and post-judgment interest, attorneys' fees, the costs of this action, and all other relief to which they are entitled to in law or in equity.

Respectfully submitted,

*/s/ Hugh D. Berkson*
Hugh D. Berkson (#0063977)
Tracy S. Francis (#0080879)
McCarthy, Lebit, Crystal & Liffman Co., L.P.A
1111 Superior Avenue East, Suite 2700
Cleveland, OH  44114
Email: hdb@mccarthylebit.com
         tsf@mccarthylebit.com
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile

*Counsel for Plaintiff*

## JURY DEMAND

A trial by jury, with the maximum number of jurors allowed by law, is hereby demanded in the above matter.

Dated: February 9, 2023

*/s/ Hugh D. Berkson*
Hugh D. Berkson (#0063977)